IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TINA BROWN-EL, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:13CV633–HEH
)
JEFFREY NEWTON, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Tina Brown-El, proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). In her § 2254 Petition, Brown-El seeks to challenge her conviction in the "Hopewell General District Traffic Court" for "failure to appear." (§ 2254 Pet. 1.) A letter attached to Brown-El's § 2254 Petition indicates she was scheduled to appear in court for the above charge on September 3, 2013. (*Id.* Ex. A.) Brown-El indicates that she has not pursued an appeal or any post-conviction remedies in state court with respect to the above conviction. (*Id.* at 3–13.)

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles

of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Here, the issues raised by Brown-El may be resolved either by direct or collateral appeal. Brown-El fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Brown-El's § 2254 Petition and the action will be dismissed without prejudice because Brown-El has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. *See Williams v. Simmons*, No. 3:10CV709-HEH, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing without prejudice similar habeas petition by pretrial detainee).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when

2

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Brown-El is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 30, 2013
Richmond, Virginia